IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 26, 2010

## JUDY K. FLAKE v. SAMUEL GUY FLAKE

**Direct Appeal from the Chancery Court for Hardeman County**
**No. 16215      William C. Cole, Chancellor**

_____

**No. W2010-00165-COA-R3-CV - Filed May 24, 2010**

_____

This is an appeal from the trial court's order on Appellant/Husband's Petition for Release of Funds. After the trial court entered a Final Decree in this divorce action, the Appellant filed a petition for the release of his portion of the funds received from the sale of the marital home, which are currently being held by the clerk of the trial court. After a hearing, the trial court ordered that only part of the money may be released. The trial court ordered that the remainder be held until the conclusion of a separate tort action filed by persons not parties to the divorce action, in which Appellant was named as a defendant. Finding that no final judgment exists in this action, this Court dismisses the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed and Case Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Ronald W. Kim and William A. Wooten, Cordova, Tennessee, for the appellant, Samuel Guy Flake.

Stephen L. Hale, Bolivar, Tennessee, for the appellee, Judy K. Flake.

**OPINION**

This action began on June 29, 2007, when Appellee Judy Kay Flake ("Mrs. Flake") filed a complaint for divorce against Appellant Samuel Guy Flake ("Mr. Flake"). Mrs. Flake alleged  grounds of inappropriate marital conduct, or in the alternative irreconcilable differences. Mr. Flake filed an answer on July 30, 2007. Prior to the filing of the complaint, Mr. Flake was charged with raping his step-granddaughter. On August 13, 2007, he pled guilty to sexual battery by an authority figure. At the time the complaint for divorce was

filed, throughout the proceedings, and presently, Mr. Flake was incarcerated.

It appears from the record that at some point during the divorce proceedings the marital home was sold. On May 16, 2008 Mr. Flake filed a petition with the trial court requesting that the proceeds from the sale of the marital home be held in the escrow account of the closing attorney. The trial court entered a consent order on May 21, 2008, ordering that the proceeds from the sale of the marital home be held in escrow by attorney, Charles Wardlow. On September 18, 2008, Mrs. Flake filed a motion to transfer the proceeds from the sale of the marital residence into the registry of the court. On November 5, 2008, the trial court entered an order awarding one-half of the proceeds from the sale of the marital home to Mrs. Flake. The trial court ordered that Mr. Flake's one-half be held in the registry of the court until a trial was held or a settlement reached.

The parties filed a Marital Dissolution Agreement ("MDA") on April 24, 2009. Pursuant to this agreement, the parties agreed that Mr. Flake was entitled to one-half of the proceeds from the sale of the marital home, which was then being held by the trial court. The agreement noted that Mrs. Flake's one-half share had previously been disbursed to her. Although the MDA was filed on April 24, 2009, it was not approved by the trial court until May 12, 2009 when the trial court entered a Final Decree of Divorce.

On May 1, 2009, prior to the filing of the Final Decree, Appellees Deborah M. Doolen and John K. Doolen (collectively the "Doolens") filed an Intervening Petition for Injunction. The Doolens requested, pursuant to Tenn. Code. Ann. § 21-1-108, that the trial court issue an injunction against the assets of Mr. Flake being held by the trial court, freezing all assets currently held by the court.[1] The Doolens stated that they were the parents of a child on whose behalf they had filed an intentional tort action against Mr. Flake (the "Doolen lawsuit") in the Circuit Court of Hardeman, County, Tennessee. On May 21, 2009, the Doolens filed an amended petition. In the amended petition, they allege that the rights of the minor child will be violated and the child will suffer irreparable harm if relief is not granted.

Mr. Flake filed a response to the petition and a petition for release of funds on June 18, 2009. He admits in his response that the Doolens have filed a tort action against him. However, he requests that the trial court release the funds being held so that he may pay for legal representation. Attached to his response, was a letter from his attorney setting out the fee arrangement. The letter states that the agreement to represent Mr. Flake in "certain legal matters" is contingent upon the release of funds. According to the letter, Mr. Flake's attorney requires a $5,000 non-refundable retainer, and an additional $25,000 to be held in

---

[1] This Court notes that Tennessee Code Annotated §21-1-108 was repealed in 2002.

escrow for expenses. Further, the letter provides that each time the escrow account drops below $6,000, the attorney will petition the trial court to release an additional $10,000 to be placed in the escrow account. The letter defined the scope of representation as "services for [Mr. Flake's] defense in the civil suit, Doolen v. Flake...." However, the letter explains that this description may not be a complete list of the work to be done. On June 22, 2009, Mr. Flake filed a response to the Doolens amended petition. This amended response is identical to his original response.

The trial court held a hearing on November 24, 2009. Following the hearing, the trial court entered an "Order on Petition for Release of Funds" on December 8, 2009. The order states that the Clerk and Master is holding $65,991.28 on behalf of Mr. Flake. The trial court found that Mr. Flake had entered into a fee agreement with his attorney to obtain legal fees for representation in the lawsuit filed by the Doolens. The trial court ordered that $5,000 be released to Mr. Flake's attorney for legal fees to be incurred in accordance with the agreement. The trial court ordered that the remainder of the funds be held by the Clerk and Master be "attached for satisfaction of any judgment [in the Doolen' lawsuit] presently pending in the Circuit Court of Hardeman County, Tennessee at Bolivar."

On January 6, 2010, the Doolens filed a motion for reconsideration. The Doolens submitted that Mr. Flake intended to use the money released to appeal the decision of the trial court, instead of using it for his defense in the Doolen lawsuit. The Doolens requested that the trial court set aside its order releasing funds, or in the alternative, restrict the use of the funds. "The Tennessee Rules of Civil Procedure do not authorize 'motions to reconsider. We construe this motion to be a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04." ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, n.3 (Tenn. Ct. App. 1997). The record does not reflect that the trial court ever ruled on the motion to reconsider.

Mr. Flake, timely filed notice of appeal on January 6, 2010. Mr. Flake raises the following issue for our review:

> Whether the Chancery Court properly decided the Order on Petition for the Release of Funds pursuant to T.C.A. §29-6-101 and relevant Tennessee Case law.

Mr. Flake requests that this Court enter an order releasing an additional $30,000 of the funds being held, in accordance with the fee arrangement between him and his attorney.

After reviewing the record, this Court entered on order on April 28, 2010, ordering Mr. Flake to obtain a final judgment or to show cause as to why this appeal should not be dismissed for failure to appeal a final order. Specifically, the order stated that this Court

-3-

could not find anything in the record reflecting that the trial court ruled on the Doolens' petition to intervene. Moreover, the trial court did not assess costs in the order appealed.

In response to this Court's order, the trial court entered an order on May 12, 2010, granting permission to file an Interlocutory Appeal. The order recites the history of the case. However, it does not indicate whether the trial court ever adjudicated the Doolen's petition to intervene and for injunction, or the motion to reconsider, nor does it assess costs. Further, the order does not contain any language which would make it final pursuant to Rule 54.02.

The issues notwithstanding, we must first determine whether this court has jurisdiction to adjudicate this appeal. Tenn. R. App. P. 13(b). Rule 3(a) of the Tennessee Rules of Appellate Procedure defines an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). The parties have not filed an application for an interlocutory appeal, and the order appealed from the trial court was not made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Consequently, we must determine if the order appealed was a final judgment.

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at \*5 (Tenn. Ct. App. Oct. 22, 2008). If the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *Henderson*, 121 S.W.3d at 645.

As stated above, the trial court has not yet adjudicated the Doolens' petition to

intervene and for injunction, or the motion to reconsider, nor did the trial court assess costs. Intervention is governed by Tennessee Rule of Civil Procedure 24. A petitioner may intervene as of right pursuant to Rule 24.01 or with permission of the court pursuant to Rule 24.02. In this case, however, the trial court never issued an order allowing or disallowing the Doolens to intervene. The trial court only issued an order on Mr. Flake's petition for release of funds. Moreover, the trial court did not rule on the Doolens' motion to reconsider. Accordingly, there is no final order in this action. Consequently, this Court does not have subject matter jurisdiction to adjudicate this appeal. Tenn. R. App. P. 3(a).

This appeal is dismissed for lack of subject matter jurisdiction. Costs of this appeal are assessed against the Appellant, Samuel Guy Flake, and his surety.

_____
J. STEVEN STAFFORD, JUDGE